DELAWARE, L. & W. R. CO. v. SOUND TRANSP. CO.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 25.

MUNICIPAL CORPORATIONS ⬳719(4)—WHARVES—LEASE—TERMINATION BY NOTICE—LIABILITY OF SUBLESSEE.

Plaintiff held a lease from the city of New York for certain dock property for the term of 10 years, which it assigned to defendant under an

agreement for the payment by defendant of a stipulated sum periodically in addition to the rental to the city. The agreement further provided that, should the lease be terminated other than by default of defendant, the payments to plaintiff should cease. The dock commissioner served notice on defendant that the property would be, required by the city in making contemplated improvements, such right having been reserved in the lease; but the improvements were not made, nor were there any definite plans for the same, and the possession and use of the property by defendant were not interfered with. *Held*, that the notice did not operate to terminate the lease, so as to relieve defendant of liability for the payments to plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1532; Dec. Dig. ☞719(4).]

Hough, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Sound Transportation Company against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant brings error. ¡Affirmed.

On writ of error to review a judgment entered November 29, 1915, in favor of the Sound Transportation Company, the plaintiff below, and against the Delaware, Lackawanna & Western Railroad Company, the defendant below, in the sum of $44,703.49. The cause was tried before Judge Mayer and a jury and as both sides moved for the direction of a verdict the trial judge was authorized to decide the questions of fact and to direct the verdict accordingly. The parties will be referred to hereafter as they appeared in the District Court—as plaintiff and defendant.

Louis Marshall, William S. Jenney, and A. J. McMahon, all of New York City, for plaintiff in error.

Benjamin G. Paskus, of New York City, and John M. Enright, of Jersey City, N. J., for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

COXE, Circuit Judge. The plaintiff is a New York corporation and the defendant is a Pennsylvania corporation, each transacting business and maintaining an office in the city of New York. On July 2, 1908, the city, acting through its commissioner of docks, leased to the plaintiff a wharf situated in Brooklyn on the East River known and described as "the westerly side and surface of Pier Old 34 (Catherine Slip Pier West) and the bulkhead and small pier between Piers Old 33 and Old 34, together with the right to use the sheds owned by the city on said premises," for the term of ten years from July 1, 1908, at the rent of $8,000 per annum. The complaint alleges that on August 7, 1908, the Sound Company subleased to the Railroad Company all of the property rights and privileges leased to it by the city, "excepting, however, the bulkhead about 30 feet in length lying between the easterly side of Pier Old 33 and the westerly side of the small pier between Piers Old 33 and 34, East River," which parcel was thereby reserved to the use of the plaintiff.

The complaint alleges further that the sublease was made "pursuant to an agreement wherein the plaintiff did agree to use its endeavor to

obtain the consent of the city of New York to the assignment of said lease to the defendant and, upon obtaining such consent, to assign the same, upon the terms hereafter stated." It is also alleged that the Sound Company did obtain such consent and did assign the said lease to the defendant and that the defendant entered into a written agreement dated July 9, 1909, wherein it agreed to assume the said lease and pay the rent as therein stipulated, which obligation the defendant has failed to discharge, to the plaintiff's damage in the sum of $50,000. The defendant insists that its possession and enjoyment of the demised premises were terminated by a cause other than its default.

The testimony shows a complicated situation upon the facts but it clearly appears that the Sound Company possessed valuable rights and privileges in the wharf property heretofore described and known as the westerly side and surface of Pier Old 34. These rights the Sound Company transferred to the Lackawanna Company on August 7, 1908, excepting about 30 feet of bulkhead lying between the easterly side of Pier Old 33 and 34, which parcel was reserved for the use of the Sound Company. The Sound Company having obtained the proper consent assigned its lease to the defendant company, which went into possession under the sublease and assignment and incurred the obligation for which judgment was rendered. We are satisfied that the Sound Company possessed a valid and valuable lease of the pier property in question. The defendant wanted this property and with the co-operation of the city officials it attempted to acquire all the right which the plaintiff had therein by virtue of the lease. It could not accomplish this result without fully complying with the law. The railroad company had assumed the city lease and had agreed to pay to the Sound Company the difference between the rent reserved in the sublease and the rent reserved in the city lease for corresponding periods.

The agreement of July 9, 1909, concludes as follows:

"But it is expressly understood and agreed that if the possession and enjoyment by the party of the first part of the demised premises, is terminated by cause other than the default of the said party of the first part, before the end of the demised term, the party of the first part shall not be liable to pay the party of the second part such difference in rent, and the said party of the first part shall receive from the party of the second part and shall be repaid by it the proportionate amount paid in advance to the party of the second part, as hereinbefore specified."

The dominating question is—Was the possession of the Railroad Company terminated so as to absolve it from paying the specified rent under its written agreement to do so?

The Sound Company had a valid city lease of Old Pier 34 and this was transferred to the Lackawanna Company upon its agreement to assume the said city lease and pay to the Sound Company on rental days prescribed in the city lease the difference between the rent therein reserved and the rent reserved in the sublease. The District Court construed the agreement of July 9, 1909, to mean that the agreement would be ended if the city of New York terminated the lease by the action of its officers authorized to take such proceedings. If the Lackawanna Company by affirmative action on its part or by acquiescence in the acts of others made it possible for the city to terminate the lease

where otherwise it would not have done so, then the attempt to terminate the lease was not within the intent of the agreement. The notice of October 16, 1913, signed by the commissioner of docks, to the Lackawanna Company did not operate to terminate the lease for the reason that the plan therein described was not carried out nor was it in contemplation of being carried out. The plan of improvement was tentative, unsettled and with no definite plan adopted which was binding upon the parties. The Lackawanna Company was not deprived of its property or the use thereof by the notice of October 16, 1913, and its possession and enjoyment of the demised premises was not interfered with.

It is argued that the Lackawanna Company acting in collusion with the commissioner of docks, procured the notice of termination to be served upon the Sound Company in order to avoid the payment of rent. The District Judge found, and we see no reason to doubt the accuracy of his finding, that "there is no suggestion of any conduct to be characterized by impropriety of either the city or the railroad company." Each party was endeavoring to protect its own interests in a lawful and legitimate manner but we see no reason to impute fraud to either. It is enough, in our opinion, that when the notice was served, it was not justified either in fact or in law.

The judgment is affirmed with costs.

HOUGH, Circuit Judge (dissenting). The facts established below are unassailable here, and it was distinctly found that no fraud or wrongdoing existed on the part of the Lackawanna Company. This action is maintainable, however, only upon the ground of wrongdoing. The plaintiff below prefers to say that the "defense is inequitable"; but the phrase means wrongdoing by the defendant, if it means anything.

The situation presented is not complicated; the Sound Company procured a lease of certain New York City wharf property, and subleased a portion thereof to the Lackawanna Company. Later, and with the city's assent, it assigned the entire lease to the Lackawanna. After such assignment the Sound Company had no title, estate or interest of any kind in the leasehold premises; but it had a personal contract with the Lackawanna Company, by which in consideration of said sublease and assignment, the latter agreed to pay the Sound Company certain moneys at stated intervals as long as the assigned lease was in existence, provided, however, that should the Lackawanna's possession and enjoyment of the premises be "terminated by cause other than the *default* of" the Lackawanna Company, "no claim for damages (should) be made by either party against the other, except the cessation of such use and enjoyment be due to the *default* of" the Lackawanna.

The original city lease was made by and through the commissioner of docks, and contained a proviso that if at any time the city should "determine to proceed" with any improvement of the water front that required the use of the demised premises, a notice might be given terminating said lease "from the date of the receipt of such notice." In form such notice was served, nor was it given as the result of any fraud or

wrongdoing on the part of the Lackawanna. Yet judgment was directed, and could have been directed, only on the ground that there had been a *default* on the part of the defendant below; and this court has sustained such judgment because the notice given "was not justified either in fact or in law."

The city was not called upon to justify its conduct in any way; it alone could decide whether the property was wanted for improvement; and, no matter what induced the city's action, the notice itself was perfectly valid. If it had been procured by the Lackawanna for the purpose of terminating its own liability to the Sound Company, an action for damages would have lain under the proviso of the personal contract aforesaid; but such an intent is expressly negatived by the finding of the trial court.

It was proven that the city would probably not have decided to proceed with improvement, if it had not been assured of a solvent tenant, viz. the Lackawanna Company; one that could pay for the improvements and work them out under a long lease of the improved property. Any person or corporation could have done this, and there is nothing in the contract forbidding the Lackawanna to take advantage of the city's purpose and desire. Its conduct was not "unreasonable under the circumstances"—which is certainly the widest definition of *default* suggested. Re Woods, etc., Contract, [1898] Ch. Div. 211.

A reasonable and proper care for its own interest induced and justified the Lackawanna Company in seeking to be the city's new tenant. Delaware, etc., Co. v. Bowns, 58 N. Y. 573, is entirely applicable.

For these reasons I dissent.

---

⬤⟱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes